H. H. ELDER & Co. (S. H. FRANK & Co., INC.) v. UNITED STATES

No. 4399.—Invoice dated Rotterdam, Netherlands, March 10, 1936.
Certified March 10, 1936.

Entered at Los Angeles, Calif., April 18, 1936.
Entry No. 8749.

(Decided September 28, 1938)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott* and *Daniel I. Auster*, special attorneys), for the defendant.

EVANS, Judge: This is an appeal from the finding of value of an importation of salted cattle hides entered at the port of Los Angeles. When this case was called for trial the attorney for the importer made the following statement concerning the issue involved:

The merchandise was appraised at 34.050746 cents per pound. It was entered at 32 cents per pound. But the appraised value, as is shown by the papers, was upon the basis of 10,720 pounds, rather 11,407 pounds, the entered quantity. Mathematical computation shows that this appraised unit value carried out, as it is, to eight figures, is the sum of the landed weight, 10,720 pounds, divided into the total entered value, and accordingly the appraiser advanced the unit price to compensate for the difference in weight.

After appraisal, the collector noted that there existed a 6 per cent advance; that an advance of 6 per cent was made by the appraiser over the entered value. There is a 6 per cent difference between 32 cents and 34-plus cents per pound, which is the appraised value. But the total of the appraised value is the same as the total of the entered value.

The record supports his statement to the effect that the merchandise was entered at 32 cents and was appraised as stated by him. It therefore is clear that there was an advance in value, it being the duty of the appraiser, under section 500, to appraise the merchandise in the unit of quantity in which it is usually bought and sold.

The quantity of merchandise which entered the United States is not involved in an appeal to reappraisement. There being no evidence to overcome the presumption of correctness of the appraiser's action the appeal should be dismissed. It is so ordered.